ALBERT S. DAGGETT ET AL., APPELLEES, v. DRAINAGE DISTRICT, APPELLANT.

FILED NOVEMBER 17, 1916. No. 18726.

1. **Appeal:** HARMLESS ERROR: TESTIMONY OF EXPERTS. The question of the competency of an expert witness is largely within the discretion of the trial court, and, while an appellate court will correct any prejudicial error arising from abuse of that discretion, a judgment will not be reversed for a technical omission in laying the foundation for expert evidence unless it affirmatively appears that the party complaining has been substantially prejudiced thereby.

2. ————: REVIEW: OBJECTION TO EVIDENCE. A general objection to a hypothetical question as to value as "not containing proper elements on which to base an opinion" will not be regarded upon appeal unless it appears that the attention of the trial court was drawn to the omission of some substantial element of value, or that the omission was of such importance that it must have been considered.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Kelligar & Ferneau* and *A. R. Keim,* for appellant.

*C. F. Reavis, contra.*

SEDGWICK, J.

The improvement designed and undertaken by the defendant contemplated the construction of artificial channels to straighten the course of the stream of water on which the plaintiff's mill was located. Proceedings were

begun in the county court of Richardson county asking
for the appointment of appraisers of the damages to the
plaintiff's property caused by the diversion of the waters
from the site. Appraisers were appointed and made an
award from which appeal was taken to the district court.
In the district court the case was tried upon the proceedings in the county court, and resulted in a verdict and
judgment for the plaintiff for the sum of $7,000. From
that judgment the defendant has appealed.

The questions presented in the brief relate entirely to
the rulings of the trial court in the admission of the evidence of expert witnesses. The evidence of E. G. Hurd,
D. D. Price, and S. P. Gist is referred to. Mr. D. D. Price
was examined by the plaintiff, and, after attempting to
lay the foundation for his testimony, he was asked: "Taking the Salem mill with the equipment you discovered
there when you made the examination in January of this
year, and by that equipment I mean the electric light plant,
and its service and disbursements, the dam and the waterwheel, and supposing that it was capable with the water
developed by the river, and that equipment was capable
of operating the flour portion of the mill, and the meal
and grinder portion of the mill, and the electric light plant
ten and a half months out of the year, would you know a
fair market value of that plant under such circumstances,
with the flow of water uninterrupted down the river in
December 1912? Objected to as immaterial, irrelevant,
and incompetent, and no proper foundation laid, and the
witness not showing himself qualified to answer."

The principal discussion in the brief is as to the testimony of Mr. Price. It is contended that, while the witnesses were shown "to have some knowledge of water power," there is no testimony to show that the witnesses "had
any knowledge of or acquaintance with electric light property or its value, or knowledge of or acquaintance with
milling machinery or its value." Mr. Price testified that
he was state engineer, and had been "three years this coming April," and that before he was state engineer he was

assistant state engineer for two years, and that the office of state engineer "has charge of all the water rights for irrigation and water-power purposes, and we have to look over and examine the water-power plants make a report of them, and look over their plans and estimates and see if they are all right." To the question, "How frequently have you been called upon to perform that service as state engineer?" he answered, "There is work of that kind coming up practically every day more or less." This would seem to be sufficient *prima facie* to show that his evidence would be of some value. The general objection to the witness "not showing himself qualified to answer" might have been misleading to the court. It is generally considered that the decision of the trial court as to the competency of an expert witness is largely in the discretion of the court, and, while the appellate court will correct any prejudicial error arising from any abuse of the discretion, the judgment will not be reversed for a technical omission in laying the foundation for the question unless it affirmatively appears that the parties complaining have been substantially prejudiced thereby. If the objection to this question had suggested that the value of the electrical and milling machinery were included in the valuation of the entire property, and that the witness had not sufficiently shown his knowledge of the value of those articles, further evidence might have been introduced as to the witness' qualifications in those particulars, or his answer might have been limited to the value of the property, excluding those articles. In the condition of this record, we do not feel required to reverse the judgment of the trial court upon this objection. The objection to the evidence of the other witnesses is quite similar, and not more serious. Further discussion of the question seems unnecessary. It does not appear that the amount of this judgment is extravagant under the evidence, and the verdict of the jury is well supported.

The judgment of the trial court is

AFFIRMED.